IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE LUCIO MIRANDA GOMEZ<br>836 Bonifant Street.<br>Silver Spring, MD 20901<br><br>YANNIS MICHAEL MATUTE GUTIERREZ<br>836 Bonifant Street.<br>Silver Spring, MD 20901<br><br>    Plaintiffs,<br><br>v.<br><br>THAI CHEF, INC.<br>1712 Connecticut Ave., NW<br>Washington, D.C. 20009<br><br>Serve: Professional Registered Agents, Inc.<br>2600 Virginia Ave. N.W. Suite 1112<br>Washington, D.C. 20037<br><br>CHAYIN SRIPRASERT<br>145 Century Dr Apt 5410<br>Alexandria, VA 22304-7519<br><br>YUPA PORN CHAROENTRA<br>1865 Middlebridge Dr<br>Silver Spring, MD 20906-5818<br><br>    Defendants. | Case No. _____ |

## COMPLAINT

Plaintiffs, Jose Lucio Miranda Gomez and Yannis Michael Matute Gutierrez (hereinafter "Plaintiffs"), by and through their undersigned counsel, hereby submits this Complaint against Defendants, Thai Chef, Inc., Chayin Sriprasert, and Yupa Porn Charoentra (hereinafter all defendants shall be collectively referred to as "Defendants") for violations of the Federal Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* (hereinafter "FLSA"), the D.C. Wage and Hour Law, D.C. Code §§ 32-1001 *et seq.* (hereinafter "DCWHL"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA").

## PARTIES AND JURISDICTION

1. Plaintiff, Jose Lucio Miranda Gomez, is over twenty-one years of age and a resident of the District of Columbia.

2. Plaintiff, Yannis Michael Matute Gutierrez, is over twenty-one years of age and a resident of the District of Columbia.

3. Thai Chef, Inc. is a corporation formed under the laws of the District of Columbia with its principal office in Washington, DC.

4. Chayin Sriprasert is an individual over twenty-one years of age and, upon information a belief, a resident of Virginia.

5. Yupa Porn Charoentra is an individual over twenty-one years of age and, upon information and belief, a resident of Montgomery County Maryland.

6. At all times relevant to this action – August 28, 2011 through the present ("Relevant Period") – Thai Chef, Inc. operated continuously in the District of Columbia, as an Asian food restaurant.

7. At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

8. At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

9. At all times relevant, Defendants employed two or more employees who handled goods that had previously moved through commerce.

10. At all times relevant, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 - Federal Question.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

12. At all times during Plaintiffs' employment, Chayin Sriprasert was a manager of Thai Chef, Inc.

   a. At all times during Plaintiffs' employment, Chayin Sriprasert had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

   b. At all times during the period of Plaintiffs' employment, Chayin Sriprasert supervised the work duties of Plaintiffs to ensure his work was of sufficient quality.

   c. At all times during the period of Plaintiffs' employment, Chayin Sriprasert set and controlled the work schedule or had the power to set and the work schedule of Plaintiffs.

   d. At all times during the period of Plaintiffs' employment, Chayin Sriprasert set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiffs.

   e. At all times during the period of Plaintiffs' employment, Chayin Sriprasert controlled, and was in charge of, the day-to-day operations of Thai Chef, Inc.

13. At all times during Plaintiffs' employment, Yupa Porn Charoentra was the owner and manager of Thai Chef, Inc.

   a. At all times during Plaintiffs' employment, Yupa Porn Charoentra had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

   b. At all times during the period of Plaintiffs' employment, Yupa Porn Charoentra had the power to supervise the work duties of Plaintiffs to ensure his work was of sufficient quality.

   c. At all times during the period of Plaintiffs' employment, Yupa Porn Charoentra set and controlled the work schedule or had the power to set and the work schedule of Plaintiffs.

   d. At all times during the period of Plaintiffs' employment, Yupa Porn Charoentra set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiffs.

   e. At all times during the period of Plaintiffs' employment, Yupa Porn Charoentra controlled, and was in charge of, the day-to-day operations of Thai Chef, Inc.

14. Mr. Miranda Gomez began working at Thai Chef, Inc. around November 20, 2013. Mr. Gomez continued to work at Thai Chef, Inc. until roughly June 27, 2014. During all relevant times, Mr. Gomez worked for Defendants as a sushi cook and general laborer.

15. From November 20, 2013 until roughly May 1, 2014, Defendants paid Mr. Gomez $950.00 bimonthly. From roughly May 1, 2014 until June 27, 2014, Defendants paid Mr. Gomez $1000.00 bimonthly.

16. Mr. Gomez worked fifty-two and a half (52.5) hours per week. At all times throughout the course of Mr. Gomez' employment, Defendants had knowledge that Mr. Gomez

typically worked about fifty-two and a half (52.5) hours per week or suffered or permitted Mr. Gomez to work about fifty-two and a half (52.5) hours per week.

17. At all times throughout the course of Mr. Gomez' employment, Defendants paid Mr. Gomez straight pay at Mr. Gomez' regular bimonthly rate, regardless of the number of hours Mr. Gomez worked over forty. At no time during Mr. Gomez' employment did Defendants pay Mr. Gomez at the rate of one-and-one-half (1½) times Mr. Gomez' regular rate of pay for hours worked each week in excess of forty (40).

18. Mr. Gutierrez began working at Thai Chef, Inc. around May 28, 2010. Mr. Gutierrez continued to work at Thai Chef, Inc. until roughly September 9, 2013. During all relevant times, Mr. Gutierrez worked for Defendants as a sushi cook and general laborer.

19. At all times relevant, Defendants paid Mr. Gutierrez $600.00 bimonthly.

20. Mr. Gutierrez worked thirty-nine (39) hours per week. The minimum wage under the FLSA is $7.25 per hour. 29 USCS § 206(a)(10)(c). At all times during the Relevant Period, the minimum wage in the District of Columbia was $8.25 per hour. D.C. Code § 32-1003. Mr. Gutierrez' effective hourly rate was roughly $7.10 dollars per hour.

21. Defendants' failure to pay Plaintiffs the minimum wage and overtime was willful, was not in good faith and was not the result of any *bona fide* dispute. This is evidenced by, among other things, the fact that Defendants were previously paying their employees a portion of their pay via check and a portion via cash in order to hide the actual number of hours their employees were working.

22. At no time did Plaintiffs perform work that meets the definition of exempt work under the DCWHL, the FLSA, or the DCWPA.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

23.     Plaintiffs reallege and reassert each and every paragraph above, as if it were set forth herein.

24.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

25.     Plaintiffs were an "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1).

26.     Defendants were the "employers" of Plaintiffs under FLSA, 29 U.S.C. § 207(a)(2).

27.     Defendants, as the employers for Plaintiffs, were obligated to compensate the Plaintiffs at the overtime rate of one-and-one-half (1½) times their regular rate for all hours worked per week in excess of forty (40).

28.     As set forth above, while in Defendants' employ, Mr. Gomez worked many overtime hours.

29.     As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Mr. Gomez at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week.

30.     Defendants' failure and refusal to pay Mr. Gomez as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Mr. Gomez under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of Federal Fair Labor Standards Act
### (Minimum Wage)

31. Plaintiffs realleges and reasserts each and every allegation set forth herein, as if each were set forth herein.

32. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee at an hourly wage of less than the Federal Minimum Wage, currently $7.25 per hour.

33. At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants were the "employers" of Plaintiffs.

34. Defendants were obligated to compensate Plaintiffs for all hours worked at an hourly rate not less than the Federal Minimum Wage.

35. As set forth above, Defendants failed to pay Mr. Gutierrez the federal minimum wage of $7.25 per hour.

36. Defendants paid Mr. Gutierrez at a rate that fell below the Federal Minimum Wage.

37. Defendants have failed and refused to compensate Mr. Gutierrez properly and as required by the FLSA for numerous hours worked.

38. Defendants' failure to pay Mr. Gutierrez wages as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Mr. Gutierrez for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Washington, D.C. Wage and Hour Law
### (Overtime)

39. Plaintiffs realleges and incorporates herein the allegations contained in the paragraphs above.

40. At all times relevant to this Complaint, Defendants violated the overtime provisions of the District of Columbia Wage and Hour Law by failing to pay Mr. Gomez the time and a half for all hours he worked over forty (40) that he worked in a particular workweek.

41. Defendants were, at all times relevant to this complaint, "employers" of Plaintiffs within the meaning of the DCWHL.

42. Mr. Gomez worked over 40 hours per week, every week (or virtually every week), during the time Mr. Gomez worked for Defendants. Despite this, Defendants never paid Mr. Gomez time and a half the hours he worked over forty in any work week.

WHEREFORE, Defendants are liable, jointly and severally, to Mr. Gomez under Count III for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT IV
### Violation of Washington, D.C. Wage and Hour Law
### (Minimum Wage)

43. Plaintiffs reallege and reassert each and every allegation set forth in the paragraphs above, as if each were set forth herein.

44. Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of DCWHL.

45. At all times relevant to this matter, D.C. Code § 32-1003 required that employers pay their employees at least one dollar over the federal minimum wage.

46. Defendants failed to pay Plaintiffs at a rate of at least $8.25 per hour for all hours Mr. Gutierrez worked.

47. Defendants' failure to pay Mr. Gutierrez the minimum wage, as required by the DCWHL, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Mr. Gutierrez for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT V
### Violation of D.C. Wage Payment and Wage Collection Act

48. Plaintiffs reallege and incorporate herein the allegations contained in the paragraphs above.

49. Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCWPA.

50. Under the DCWPA, Defendants, as Plaintiffs' employers, were obligated to properly pay Plaintiffs all wages for work that Plaintiffs performed.

51. "Wages" pursuant to DCWPA (DC Code § 32–1301(3) "means all monetary compensation after lawful deductions, owed by an employer... [and] includes . . . " (D) Overtime premium . . ."

9

52. Defendants failed to pay Plaintiffs at least the amount required by law, including minimum wage and overtime.

53. Defendants owe Plaintiffs back wages equal to the difference between the rate Defendants paid Plaintiffs and the rate legally owed to them.

54. Defendants' failure and refusal to pay Plaintiffs all wages at or before the end of Plaintiffs' employment with Defendants, as required by the DCWPA, was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count V, for all unpaid wages in such amounts to be proven at trial, plus an additional three times (3x) all unpaid wages as liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
836 Bonifant St.
Silver Spring, MD 20815
Telephone: 301-587-9373
Fax: 301-587-9373
mamster@zagfirm.com